UNITED STATES v. AMERICAN NAVAL STORES CO. et. al.

(Circuit Court, S. D. Georgia, E. D. May 12, 1909.)

1. CRIMINAL LAW (§ 552*)—TRIAL—CIRCUMSTANTIAL EVIDENCE.

To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must clearly and satisfactorily exclude every other reasonable hypothesis, except that of guilt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1257, 1259–1262; Dec. Dig. § 552.*]

2. MONOPOLIES (§ 29*)—CONSPIRACY IN RESTRAINT OF INTERSTATE COMMERCE—CRIMINAL PROSECUTION.

Where an indictment against a number of defendants charges them with a conspiracy among themselves and with others in restraint of interstate trade and commerce, in violation of section 1 of the anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), or to monopolize any part of such trade and commerce, in violation of section 2, to warrant a conviction, it must be found that at least two of the defendants were parties to such a conspiracy.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 29.*]

3. MONOPOLIES (§ 12*)—FEDERAL ANTI-TRUST ACT—COMBINATIONS PROHIBITED—"MONOPOLY."

The size of a business alone does not constitute a "monopoly" in restraint of interstate commerce, in violation of section 2 of the anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]); but to render a combination illegal thereunder it must intentionally and necessarily prevent other persons from engaging in such business, thereby stifling competition.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 5, pp. 4570–4574.]

4. MONOPOLIES (§ 31*)—FEDERAL ANTI-TRUST ACT—CONSPIRACY IN RESTRAINT OF INTERSTATE COMMERCE—CRIMINAL PROSECUTION.

The elements of a combination or conspiracy in restraint of interstate trade and commerce and to monopolize such trade and commerce, in violation of the anti-trust act (Act July 2, 1890, c. 647, §§ 1 and 2, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), and the facts necessary to a conviction thereunder, explained in a charge to the jury.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 31.*]

Alexander Akerman, Asst. U. S. Atty., and W. M. Toomer, Acting Asst. Atty. Gen., for the United States.

P. W. Meldrim, Adams & Adams, and Powell & Makall, for defendants.

SHEPPARD, District Judge (charging jury). This case has been long, and necessarily taxing to your patience; but your attention throughout has been marked, demonstrating to the court your interest and deep appreciation of the importance of the issue, both to the government and to the defendants. The issues now rest solely upon an honest and impartial discharge of your duties under the guidance of the law, which it now becomes my duty, as best I may, to give you in charge. In our system of the administration of justice, the judge decides the questions of law, and directs you only as to the law of the case, while it is your peculiar province to pass on the

facts of the case, and by your verdict you decide the questions of fact involved in this controversy. I shall be as brief as the case admits, and will confine my instructions mainly to what I conceive to be the law applicable to the facts adduced.

The issue which it is your province under our system of government to determine is the innocence or guilt of the accused upon the indictment, which was read to you at the opening of this case. By order of the court, the third count of the indictment was stricken, and you have therefore before you only the first and second counts.

The defendants indicted are the American Naval Stores Company, a corporation of West Virginia, the National Transportation & Terminal Company, a corporation of New Jersey, Edmond S. Nash, Spencer P. Shotter, J. F. Cooper Myers, George Meade Boardman, Carl Moller, and C. J. De Loach. As to the defendant C. J. De Loach you are directed to find a verdict of "not guilty."

The two counts of the indictment and the government's bill of particulars will be before you, and you should examine them very carefully, in connection with all the evidence in the case and the principles of law I will presently give you, in reaching your conclusions. To the two counts of the indictment all the defendants have pleaded "not guilty." It is necessary that I should present for your consideration certain rules of evidence, which should be borne in mind throughout your deliberations. The plea of the defendants raises immediately the presumption of innocence, and this presumption accompanies them throughout the trial, and until it is overcome by testimony which satisfies your minds beyond a reasonable doubt of the truth of the charge.

The burden of proof is therefore on the government to prove the conspiracy charged in the indictment beyond a reasonable doubt. While this is true, if the weight of evidence does satisfy your minds beyond such a reasonable doubt, the presumption of innocence is removed, and if you should be thus satisfied with regard to any two or more of the defendants it would be your duty with regard to them to find a verdict of "guilty."

Again, if with regard to any one or more of the defendants the evidence should fail to satisfy your minds beyond such reasonable doubt of their guilt, it would be your duty to acquit them. It is important, then, that you should understand what is a reasonable doubt. It is not a mere possible doubt, because in human affairs, which depend upon deductions, there may be possible or imaginary doubts. A reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves your minds in such a condition that you cannot say that you feel an abiding conviction, to a moral certainty, of the truth of the charge. By reasonable doubt is not meant strained or whimsical conjecture, but an actual, sincere, mental hesitation, caused either by insufficient evidence or by unsatisfactory evidence? In other words, it has been defined as "such a doubt as a reasonable man would have, and hesitate to act upon in matters of the highest concern for his own welfare." If you have such a doubt, you should give the defendants the benefit of it, and acquit them of whom you have such a doubt; but the government is not required to prove its case beyond all doubt.

In this case the government relies on circumstantial evidence. Now, such evidence has been defined to be that which does not directly prove the issue, but which tends to establish the issue only by proof of the facts, sustaining by their consistency the hypothesis claimed, and from which the jury might infer the principal fact. It is composed of facts which raise logical inferences, and by a chain of such inferences lead to the ultimate conclusion, which is sought to be made. A conviction may as well be had upon circumstantial evidence as upon direct evidence; but to warrant a conviction upon evidence of this character the proven facts must not only be consistent with the hypothesis of guilt, but must do this so clearly and satisfactorily as to exclude every other reasonable hypothesis save that of guilt.

With these general rules of law before you, you should next consider, under the interpretation I shall give, the provisions of the statute approved July 2, 1890 (26 Stat. 209, c. 647 [U. S. Comp. St. 1901, p. 3200]), with the violation of which the defendants are charged by this indictment. It is entitled "An act to protect trade and commerce against unlawful restraints and monopolies." Section 1 provides as follows:

"Every contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states or with foreign nations, is hereby declared illegal. Every person who shall make any such contract, or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be deemed guilty of a misdemeanor," etc.

Section 2 provides as follows:

"Every person who shall monopolize or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states, or with foreign nations, shall be deemed guilty of a misdemeanor," etc.

The first count of the indictment charges a violation under section 1, and the second count charges a violation under section 2. As the latter section is easier defined, it may be well to consider that section and count first. After setting out the relations of the several defendants to each other and their several parts, it is charged that:

"Having already secured to themselves more than half the trade and commerce among the several states of the United States and with foreign nations in the aforesaid articles of commerce, did then and there  *  *  *  unlawfully combine, conspire, confederate, and agree together, amongst themselves and with divers other persons to the grand jurors aforesaid unknown, to further monopolize the trade and commerce, to be effected, amongst other ways, as follows."

The count then continues to set forth twelve different means by which the alleged monopoly was to be accomplished. These means will be discussed later in connection with the first count of the indictment. The effect of the second count charges a combination and conspiracy to monopolize interstate commerce in "spirits of turpentine, rosin, and the products of pine forests and turpentine farms, commonly called 'naval stores.' "

To constitute the offense of monopolizing or attempting to monopolize under the act of Congress, it is necessary to acquire, or attempt

to acquire, an exclusive right in such commerce by means which will prevent others from engaging therein. Various definitions of "monopoly" have been given:

"The abuse of free commerce, by which one or more individuals have procured the advantage of selling alone all of one particular kind of merchandise, to the detriment of the public; any combination among merchants to raise the price of any particular merchandise, to the detriment of the public."

The popular meaning of "monopoly" at the present day seems to be the sole power (or a power largely in excess of that possessed by others) of dealing in some particular commodity or at some particular market or place, or of carrying on some particular business. Anything less than this is not monopoly. The results in business or trading combinations may even temporarily, or perhaps permanently, reduce the article traded in or manufactured, by reducing the expense inseparable from the running of many different companies for the same purpose. Trade or commerce under those circumstances may nevertheless be badly and unfortunately restrained by driving out of business the small dealers and worthy men whose lives have been spent therein, and who might be unable to readjust themselves to their altered surroundings. Mere reductions in the price of a commodity dealt in might be dearly paid for by the ruin of such a class and the absorption of control over one commodity by an all-powerful combination of capital, whose purpose in combining is to control the product or manufacture of any article on the market, and by such control dictate the price at which the article shall be sold; the effect being to drive out of business all the small dealers in the commodity and to render the public subject to the decision of the combination as to what price shall be paid for the article.

This will illustrate the fundamental idea to be borne in mind in determining if there was in this case a conspiracy to monopolize—that the essence of the monopoly "is found not so much in the creating of a very extensive business in the hands of a single control." The size of a business is not in itself a violation of this law, and should carry with it no great weight in considering the second count of the indictment. The criminal act in the statute is the certain and necessary prevention of all other persons from engaging in such business, and thereby stifling competition. The evil is not the enlargement of the trade of one person or corporation, but the destruction of the trade of all other persons in the same commodity.

It is sometimes difficult to distinguish between a legitimate business enterprise and an illegal monopoly. From the law as has been interpreted, it may be said, however, that the monopoly is the power acquired over the traffic, sale, and purchase of a commodity, in the course of interstate or foreign commerce, by which the free flow of such commerce and competition in such commodity is necessarily crushed and stifled. Since the size of the business alone is not necessarily illegal, it is the crushing of competition, by means of force, threats, intimidation, fraud, or artful and deceitful means and practices, which violates the law. You will consider carefully all the means which the indictment charges, and inquire (1) whether the defendants, or any two or

more of them, did in fact unlawfully combine, conspire, confederate, and agree together to "monopolize," by acquiring such power over the disposition of rosins, turpentine, and naval stores, which were the subject of interstate and foreign commerce, so that they were capable of forming, and did form, a scheme to crush and stifle competition; and (2) if such scheme of gaining and controlling business was to be effected by illegal methods of force, threats, intimidation, fraud, or artful or deceitful means and practices, which their competitors in such trade were necessarily unable to meet. The size of business, and the gaining of business popularity, fair dealing, sagacity, foresight, and honest business methods, even if it should result in acquiring the business of competitors, would not make an illegal monopoly. It is the acquisition and use of unfair and illegal power in defeating competition which makes such illegal monopoly.

Having, therefore, considered the question of monopoly under the second count of the indictment, you must next consider the element of conspiracy. Before you would be authorized to convict on the second count of the indictment, you must find the existence of such conspiracy, in connection with the charge of monopolizing; and before you would be authorized to convict on the first count you must find such conspiracy in connection with the charge of restraining trade and commerce among the several states of the United States and with foreign nations. It will become necessary and essential, therefore, for you to determine three conclusions in consideration of the second count of the indictment: (1) The fact of monopolizing; (2) the fact of conspiracy; and (3) the fact that such monopolizing and such conspiracy affected interstate or foreign commerce.

In order to constitute a violation of this statute, which prohibits combinations and conspiracies to "monopolize," the monopoly must affect and operate directly upon commerce among the states of the United States or with foreign nations. It is not sufficient that it affects only the commerce within a single state. It must be interstate or foreign commerce. Such commerce includes the purchase and sale of articles that are intended to be transported from one state to another—every species of commercial intercourse among the states and with foreign nations. The term comprehends now intercourse for the purposes of trade in any and all of its forms, including transportation, purchase, sale, and exchange of commodities between the citizens residing and domiciled in the different states.

By these tests you will determine whether the transactions which are charged in the indictment directly operated upon and necessarily affected commodities used in interstate and foreign commerce as I have defined them. If you find that spirits of turpentine, rosin, and the products of pine forests and turpentine farms, commonly called "naval stores," were the subjects of intercourse or traffic, I have stated, throughout the transactions charged, it would be your duty to find that they in fact were the subjects of trade or commerce among the several states or with foreign nations, within the meaning of both the first and second sections of the act you are to consider. As I have stated, you are to consider the two counts of the indictment separately.

The second relates to a conspiracy to monopolize, and the first relates to a conspiracy to restrain interstate commerce. What I have already said has related to the second count of the indictment, viz., the charge that the defendants conspired to monopolize interstate and foreign commerce, and in that connection I have defined what is meant by the word "monopolizing" and the words "trade and commerce among the several states and with foreign nations."

In both counts of the indictment the essential ingredient of the offenses is the fact of conspiracy. A conspiracy is defined as:

"A combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal or unlawful by criminal or unlawful means."

The conspiracy to which the statute refers here may also be defined as the agreement, confederation, combination, design, scheme, plan, or purpose of two or more parties to accomplish by their concerted action or co-operation an unlawful result by either lawful or unlawful means, or a lawful result by unlawful means. Here it is the unlawful or criminal results which are made punishable, and those results are the monopolizing of trade and commerce among the several states and with foreign nations, and in the first count of the indictment the restraint of trade and commerce among the several states and with foreign nations. The law condemns these two results, and when two or more persons conspire to produce either of these results there is a violation of the statute.

The gist of the offense is the unlawful agreement. A conspiracy cannot be committed by one person alone. There must be two wills acting in co-operation. Since both counts of the indictment charge that certain of the defendants conspired among themselves, I charge you that on either count you must find that at least two of the defendants conspired to commit the acts charged, although divers other persons to the grand jurors aforesaid unknown may or may not have been concerned. On either count a verdict of guilty could not be found against a single defendant. The gist of the conspiracy is that two or more shall form a plan for concerted action. You must, under the rules I have stated and will state, find at least two to be guilty under one or the other count before you would be authorized to convict under either count. The concerted action or co-operation may arise from definite, express, and well-understood agreement or combination, or it may arise as well from a tacit silent understanding.

It has been said that to establish a conspiracy it is not necessary that there should be an explicit or formal agreement for an unlawful act between parties, nor is it essential that direct and positive proof be made of an express agreement to do the act forbidden by law. In conspiracy cases, it may be often impossible to produce such proof, because conspiracies are not usually meditated and planned in the presence of witnesses not parties thereto, nor in terms of express language. Hence a conspiracy may be proven by circumstances. The understanding, combination, or agreement between the parties in a given case to effect the unlawful purpose charges must be proved beyond a reasonable doubt, because without corrupt understanding there

is no conspiracy; but circumstantial evidence may be resorted to to show such agreement or conspiracy.

Conspiracies may be entered into in a very informal way; generally, in fact, in an informal way. The parties may not come together at all. They may be in different parts of the country. But if, by any means, by telegraph, or letter, or by any means whatever, they have come to a mutual understanding for committing any offense against the government, that is a conspiracy. The rule in regard to conspiracy, as in regard to all offenses, is that you shall be satisfied in your own mind, beyond a reasonable doubt, of the guilt of the defendants, or any two of them. There must be criminal intent on the part of those who form a conspiracy; but, to constitute a criminal intent, it may not be necessary to show an intent to violate the law. The question is: Did the accused enter into a conspiracy to do the things with which they are charged, and were such things violations of the statute?

You have now before you the tests by which you are to determine the three elements of the offense charged in the second count of the indictment, viz., conspiracy to monopolize interstate and foreign trade and commerce: (1) Was there a monopoly? (2) Did it necessarily embrace a commodity of interstate or foreign commerce? and, (3) as I have defined, was there a conspiracy to monopolize?

What has been said on the subject of what is interstate and foreign trade and commerce and what is conspiracy relates as well to the first count of the indictment as to the second.

The first count charges that the defendants, the American Naval Stores Company, National Transportation & Terminal Company, Edmond S. Nash, Spencer P. Shotter, J. F. C. Myers, George Meade Boardman, C. J. De Loach and Carl Moller, "unlawfully and knowingly amongst themselves combined, conspired, confederated, and agreed together to restrain trade and commerce among the several states and with foreign nations." The count sets forth twelve different means or instruments by which the alleged conspiracy in restraint of trade was to be carried into effect. As to three of these means stated there has been no testimony. Evidence of certain alleged means has been submitted to your consideration for two purposes: (1) As circumstantial evidence that the defendants formed a conspiracy; and (2) that such means naturally and necessarily tended to and did cause a restraint of interstate and foreign trade and commerce. It is the contention of the government that they were parts and elements of a scheme or design on the part of the defendants to restrain trade; and you may consider all of the means on which evidence has been submitted as circumstances merely, from which you may or may not conclude that there was such an understanding—that is, a co-operation and design—on the part of two or more of the defendants as would, under all the rules I have given you, be sufficient to constitute a conspiracy between them; and this, as I have said, must be shown beyond a reasonable doubt.

With this issue in view you may consider the evidence of the means which it is insisted by the prosecution tends to show a conspiracy. No evidence as to three of the means has been offered, and you should

not consider them. These are the charges of circulating and publishing false statements, the charge of issuing and causing to be issued, and causing to be circulated and hypothecated, fraudulent warehouse receipts, and the charge of attempting to bribe employés of competitors and factors to obtain certain information.

One of the means charged is the coercing of factors and brokers into entering into certain contracts, which you will recall. It will be well for you to understand the legal meaning of "coercing." The word "coerce" means to restrain by force, especially by law or authority; to repress. In the sense which now prevails, it differs but little from the word "compel," yet there is a distinction between them; "coercion" being usually accomplished by indirect means, as threats or intimidation, physical force being more rarely used in coercing. It imports some actual or threatened exercise of power possessed or supposed to exist or be possessed by the party who, it is claimed, so acted.

As to what constitutes a restraint of trade under the statute, the act prohibits any combination which obstructs the free flow of commerce between the states, or restricts, in that regard, the liberty of a trader engaged in business. This includes restraints of trade aimed at compelling third parties and strangers involuntarily not to engage in the course of interstate trade or commerce, except on conditions that the combination imposes. But as to the coercion which is charged in the indictment, in coercing factors to enter into contracts, such means alone, if you find that any coercion was exercised, would not be sufficient to make a restraint of commerce, unless you find that the parties stated made the contracts with the defendants, because the defendants actually possessed such power over the products to be traded in that the parties honestly and truly felt and believed that if they did not make the contract they would suffer some serious and appreciable financial loss.

The burden of proof is upon the government to show beyond a reasonable doubt that, if the defendants conspired, the means which they were to employ, and the natural and inevitable result of those means, would necessarily tend to burden and restrain interstate and foreign commerce. The gist of the offense under the first section is the conspiracy to effect a restraint and burden upon such commerce. The alleged conspiracy need not result in a total suppression of trade, nor in a complete monopoly; but it is sufficient if the necessary operation of certain means tends to restrain interstate commerce and to deprive the public of the advantages flowing from free commerce and competition.

It is not necessary for the government to prove that all of the means charged were in fact a part of a single purpose and conspiracy by two or more of the defendants, or that all of the means charged were in fact carried out by two or more of the defendants. It is sufficient if it be reasonably shown beyond a reasonable doubt that some of those means charged were a part of the common scheme or design or understanding by two or more of the defendants, and that those same means were of themselves sufficient to cause an essential obstruction of the free and untrammeled flow of trade and commerce between the states and with foreign nations. Both of these ingredients, I charge you, it is necessary for the government to show beyond a reasonable doubt

before you would be authorized to convict two or more of the defendants: (1) The common design, scheme, or understanding; and (2) the restraint or burden upon free flow of commerce between the states and with foreign nations. Before these inferences may be made from the operation of any one or more of the means charged, the fact that these means were employed, and the fact that they were employed as the purpose of the conspiracy of two or more of the defendants, must be proved beyond a reasonable doubt.

However, it is true that, even if the separate elements of a scheme are unlawful, when they are bound together by a common intent as parts of an unlawful scheme to monopolize or to restrain interstate and foreign trade or commerce, the plan itself may make the parts unlawful. It is the illegal results, viz., the monopoly or the restraint of commerce, which makes a conspiracy criminal within the purview of the anti-trust act. If there was a conspiracy, and that tended necessarily to impose the restraints prohibited, the constituent elements, whether legal or not, are enough to give the scheme a body. A series of acts, each or any of which may be innocent in itself, may be wrongful, if the direct object, purpose, or result thereof be to carry into effect a previous agreement, or conspiracy, whereby the free flow of trade or commerce between the states and with foreign nations, or the liberty of the trader to carry on such business, be obstructed.

I charge you, further, that the prohibitory provisions of the act under consideration apply to all monopolies, combinations, or conspiracies in restraint of interstate or foreign trade or commerce, without exception or limitation, and are not confined to those in which the restraint is unreasonable. The government need not show that a conspiracy is entered into for the direct purpose of restraining trade or commerce, if such restraint is its necessary effect, and if this, with the other elements stated, be shown beyond a reasonable doubt. All the means and all the illegal acts which the indictment charges must have been done within three years prior to the finding of the indictment. Any acts beyond this period you should not consider.

If you should find under these principles laid down that any of the alleged means were employed, and the necessary effect of those means was to restrain interstate and foreign commerce, in considering whether those means or acts were a part of the purpose of the several defendants toward those means and acts and towards each other, if you should find beyond a reasonable doubt that certain acts were done or means employed, you may inquire who were responsible for those acts, and whether any two or more of the defendants were responsible, and whether such acts were the result of a preconceived plan for concert of action on the part of any two or more of the defendants.

A corporation, although an artificial being, existing only in contemplation of law, is held to the same measure of liability as an individual, and is entitled to the same rights of protection as an individual. A corporation acts through its officers, directors, and agents. While a corporation may not conspire with its own officers, directors, or agents, it may conspire with another corporation. Corporations may conspire with individuals. As well as individuals may conspire with one another, they may conspire with another corporation. But you

must bear always in mind that a corporation is only responsible for the acts of its agents while acting within the scope of their employment, or for such acts only as may have been authorized.

You may consider all the evidence of the relationship, if any, of the defendants toward each other, and their connection, if any, with any of the acts charged. You may consider the acts and declarations of persons not named in the indictment, if you find that they were done and said in the presence of any one of the defendants, and if they were made in carrying a conspiracy or common scheme into effect. The indictment charges that the defendants conspired with divers other persons to the grand jurors unknown. If you find that any two or more of the defendants conspired with any person not named in the indictment to commit the offenses charged, you would be authorized under the rules laid down to find any two or more of the defendants guilty under either or both counts. If, on the other hand, any of the elements of the offenses are lacking, and no two or more of the defendants did so conspire, it would be your duty to acquit them.

A private corporation or an individual is liable for the wrongful acts of its agents, when those agents are acting in the general line of their duties, or if such corporation ratifies those acts in some active way, other than merely passive acquiescence.

Evidence has been introduced to the effect that two other corporations, which were distinct from the defendant companies, existed in the state of New York at the time of the alleged acts. The defendant companies are the American Naval Stores Company of West Virginia and the National Transportation & Terminal Company, alleged to be organized under the laws of New Jersey. The New York corporations were known as the American Naval Stores Company of New York, and the National Transportation & Terminal Company of New York. Evidence has been introduced as to certain transactions or acts occurring at the yards in Brooklyn, N. Y. The witness O'Keefe testified that he was employed by the American Naval Stores Company, and other witnesses testified that they worked at the yards in question. Their witness Dill testified that he was the president of the National Transportation & Terminal Company of New York, that he employed O'Keefe for the National Transportation & Terminal Company of New York, and that the yards belonged to the National Transportation & Terminal Company of New York. You have heard the evidence as to the ownership of the rosin which entered the yards.

If you find that the acts alleged were by certain employés of New York corporations, and that these corporations were separate and distinct from the two defendant corporations, and that such New York corporations did not conspire, as charged, with two or more of the defendants, then you should not consider any of the acts which are charged to have occurred on the properties of these New York corporations, or the acts of employés or agents thereof. But if, on the other hand, the evidence satisfies you beyond a reasonable doubt that one or both of the New York corporations was in fact so owned, controlled, dominated, and operated by one or both of the defendant corporations, that had the same officers, and it was in fact, in its business

transactions, for all practical purposes identical with one or both of the defendant corporations, the New York corporation which you find so connected you may consider in connection with the defendants. If you further find that two or more of the defendants conspired as charged with one or both of the New York corporations to monopolize or restrain interstate commerce, you would be authorized to find a conviction as to such defendants; or if you find that the employés or agents of such New York corporations were in fact, as I have stated, employés or agents of one or both of the defendant corporations, such corporations, if you find them so identical, would be responsible for the acts of such employé or employés, if they authorized them, or if they clearly ratified their wrongful acts subsequently. But you must consider this evidence in connection with all the other evidence in the case; that is, whether there was any conspiracy between any two of the defendants with either or both of the New York corporations or their agents, or whether said New York corporations, or their agents or employés, were dominated, directed, or controlled by any two or more of the defendants, and that such acts or means alleged to have been committed at the Brooklyn yards were authorized or ratified by any two of the defendants.

You are the sole and exclusive judges of all questions of fact. When there is a conflict in the testimony, it is your province to reconcile that conflict, if you can; but, if you are unable to reconcile it, then you are at liberty to discard such parts or so much of it as you may think unworthy of belief, and credit that which you believe to comport more with reason and common sense and your own experience in the common affairs of everyday life. You have had an opportunity of seeing the witnesses and observing their manner of testifying on the stand, as well as any interest or bias they may have shown in the transactions about which they have testified. These are matters for your consideration in weighing the evidence, and which may aid you in arriving at a fair, just, and impartial conclusion from all the testimony. It is your province to look to the interest which any witness may have in the result of the trial, in determining the weight to be attached to his testimony.

In your deliberations, you will not lose sight of the main fact that the specific offenses with which the defendants are charged are (1) a conspiracy to restrain interstate trade, and (2) a conspiracy to monopolize interstate trade. All that is charged as the means to effect such conspiracy may be proved as alleged, yet if you are not satisfied that such things tended to restrain interstate trade or commerce, or tended to the monopoly of such trade or commerce, and, further, that such things done were the result of some previous tacit or express understanding between two or more of the defendants, they could not be convicted of the conspiracy charged. If, on the other hand, you believe from all the evidence that the things charged in the indictment as means adopted and effecting the restraint of trade were done by the defendants, and that said means naturally or necessarily tended to such restraint, and, further, that such means adopted were the result directly of a previous express or tacit understanding between two or

172 F.—30

more of the defendants, such ones as you believe to have been so connected in such agreement or understanding you should find guilty. If you have a reasonable doubt of such an agreement or understanding, you should give them the benefit of the doubt and acquit them.

You may find all the defendants guilty, or any two of them, on one or both of the counts of the indictment, or you may acquit them all.